```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


BETTY J. BLUE                        :        CIVIL ACTION
      Plaintiff,                     :
                                     :
         v.                          :
                                     :
DEFENSE LOGISTICS AGENCY,            :
DEFENSE PERSONNEL SUPPORT CTR.:
DLA/DSCP,                            :        NO. 04-2210
      Defendant.                     :
                                     :
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                          July 14, 2005

On June 9, 2004, this Court denied *pro se* Plaintiff, Betty Blue's, motion for summary judgment and granted Defendant, Secretary of the Department of Defense, Donald Rumsfeld's cross-motion for summary judgment.  Ms. Blue now moves the court to reconsider.  For the following reasons, that motion will be denied.

Reconsideration should be granted if the moving party can show: 1) an intervening change in controlling law, 2) evidence not available when the court entered summary judgment has recently become available, or 3) there is a need to correct a clear error of law or prevent manifest injustice.  *See North River Ins. Co., v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  The purpose of reconsideration is not to reargue matters already decided or to relitigate a point of disagreement between the Court and the parties.  *Abu-Jamal v. Horn*, No. Civ.

A. 99-5089, 2001 WL 1609761 at *9 (E.D. Pa. 2001).  Ms. Blue's motion to reconsider does little more than restate the arguments she advanced in her motion for summary judgment.  She does not present a manifest injustice or any clear errors of law or fact.

In the only new argument raised in her motion to reconsider, Ms. Blue contends that Defendants' cases are inapplicable because they pre-date the Government Employee Rights Act of 1991.  This argument fails because the enactment of a statute does not automatically nullify all prior case law.

In her complaint, Ms. Blue failed to allege facts sufficient to establish a claim for employment discrimination.  Ms. Blue alleged she and others suffered gender and race discrimination while employed at Defense Supply Center Philadelphia (DSCP), a buying activity of the Defense Logistics Agency (DLA) under the Department of Defense (DOD).  She brought her claim under Title VII of the Civil Rights Act and asked this Court to certify a class including all African American females occupying positions within grade levels General Schedule (GS) 6 through GS-12 at the DSCP.

Ms. Blue's claim for failure to promote her to Contract Specialist GS-12 in 1999 is the only claim for which she exhausted all her administrative remedies as required by Title VII.  To properly state a claim for employment discrimination under Title VII, a plaintiff must allege: 1) she is a member of a protected class, 2) she was qualified for a particular position or promotion , 3) she was rejected for the position or promotion,

and 4) individuals not of plaintiff's protected class were treated more favorably. *See Ezold v. Wolf, Block, Schorr & Solis-Cohen,* 983 F.2d 509, 522 (3d Cir. 1992).

As an African American female, Ms. Blue is a member of two protected classes. For present purposes, we can assume her referral for an interview indicates she was qualified for the position. Ms. Blue was not promoted to this position. However, she fails to allege that the position was given to a similarly situated applicant not of Ms. Blue's protected classes; in fact, Ms. Blue states another African American woman filled one of the two available positions. While Ms. Blue does make several general claims of discrimination, she fails to assert facts upon which a reasonable jury could find in her favor.

Despite Ms. Blue's noble efforts to champion the rights of victims of discrimination, I cannot grant her request for class certification. To be certified, a class must satisfy the following requirements listed in Fed. R. Civ. P. 23(a): 1) numerosity, 2) commonality, 3) typicality, and 4) adequacy of representation. Once those requirements are met, one seeking class certification must also satisfy one of the requirements of Fed. R. Civ. P. 23(b). Ms. Blue has not sufficiently stated her own claim; therefore, she cannot satisfy the commonality and typicality requirements. More significantly, Ms. Blue is acting *pro se* and cannot adequately represent the class. Despite Ms. Blue's earnest attempts, it would be unjust to bind other members

of the proposed class to the efforts of a *pro se* plaintiff. Because she does not satisfy the requirements of Fed. R. Civ. P. 23(a), I need not consider whether she meets one of the Fed. R. Civ. P. 23(b) requirements.

    An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTY J. BLUE | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
|        v. | : | |
| | : | |
| DEFENSE LOGISTICS AGENCY, | : | |
| DEFENSE PERSONNEL SUPPORT CTR.: | | |
| DLA/DSCP, | : | NO. 04-2210 |
|     Defendant. | : | |
| | : | |

<u>ORDER</u>

_____AND NOW, this 14th day of July 2005, upon consideration of Plaintiff's "Request for Reconsideration," the response thereto, and this Court's decision dated June 9, 2005, it is hereby ordered that Plaintiff's motion is DENIED.


                                              <u>/s/John P. Fullam, Sr. J.</u>
_____John P. Fullam, Sr. J.